**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON**

**Civil Action No. 19-469-HRW**

**MINNIE E. SPANGLER,**                              **PLAINTIFF,**

**v.**             **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,**           **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on February 29, 2016, alleging disability beginning on May 15, 2015, due to post traumatic stress disorder ("PTSD"). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Kendra Kleber (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce Forrest, M.Ed., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 59 years old at the time of the hearing decision.   She has a college degree and worked as a senior analyst programmer at a utility company from 2000 until 2015.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from a major depressive disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but only work involving rare and superficial interaction with supervisors,

2

co-workers and the public.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th

Cir.1997).

On appeal, Plaintiff contends that the ALJ did not properly evaluate the medical evidence in the record.

Social security regulations generally provide for an order of hierarchy in the evaluation of medical opinion evidence, with the opinions of treating physicians to be given the most weight, and the opinions of examining consultants to be given greater weight than the opinions of non-examining consultants. For claims filed before March 27, 2017 like the one presented, the regulations specify that "[g]enerally," an ALJ is required to "give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you," with the most weight, or "controlling weight" to be given to treating physicians. 20 C.F.R. § 404.1527(c)(1) and (2).

However, despite that general presumption, if those opinions are not "well-supported" or are inconsistent with other substantial evidence, then the opinions need not be given controlling weight. Soc. Sec. Ruling 96–2p, 1996 WL 374188, at *2 (July 2, 1996). In such cases, the ALJ should review additional factors to determine how much weight should be afforded to the opinion, such as "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Com'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c)(2).

Regardless of the source of a medical opinion, in weighing the opinion, the ALJ must apply the factors set forth in 20 C.F.R. § 416.927(c), including the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole,

4

and the specialization of the source. "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, *3; *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (state-agency medical consultants are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act;" thus, in some cases, "an ALJ may assign greater weight to a state agency consultant's opinion than to that of a treating ... source." (first alteration in original) (internal quotation marks omitted)); *Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.").

Specifically, Plaintiff argues that the ALJ erred in weighing the opinions of her treating psychiatrist, Mark Wright, M.D.

She began treatment with Dr. Wright following the suicide of her husband. In June 2016, Dr. Wright completed a worksheet regarding Ms. Spangler's work-related mental abilities in which he opined that her impairment did not affect her ability to understand, remember, or carry out instructions, but did affect her ability to interact with others and respond to work pressures (Tr. 440-41). Dr. Wright indicated: "Ms. Spangler had to quit her job [due to] her interpersonal conflicts with coworkers. She continues to have depressive symptoms and [illegible] that prevents her from working in a place where she interacts with others" (Tr. 441). He also indicated Ms. Spangler had decreased concentration (Tr. 441).

His treatment notes reflect continued improvement after June 2016. His notes indicate

5

Plaintiff was "stable".

In May 2016, Ms. Spangler saw psychologist Geraldo Lima, Ph.D., for a consultative evaluation in connection with her disability claim (Tr. 435-38). Dr. Lima administered a clinical interview and mental status examination, as well as reviewed records (Tr. 437). Dr. Lima assessed PTSD and opined that Ms. Spangler could understand simple instructions and had no difficulty recalling that information; could concentrate well and was likely able to complete tasks in a normal amount of time; was socially appropriate and was likely to do well in social contexts; but, at this time, her ability to cope with pressures and stressors in typical work settings was somewhat reduced (Tr. 437).

Nonetheless, even considering Plaintiff's progress, the ALJ found that based upon Dr. Wright's opinion of sensitivity to dealing with other people, the ALJ concluded that Plaintiff could only perform work which involves very little interaction with others.

Plaintiff asserts that Dr. Lima's opinion cannot outweigh that of Dr. Wright. However, Plaintiff misconstrues the ALJ's analysis. Indeed, the ALJ explicitly gave **greater** weight to Dr. Wright's opinion than she gave to Dr. Lima's opinion. The ALJ explained that she found that "Dr. Lima's assessment in June 2016 was inaccurately benign" (Tr. 21).

Plaintiff also asserts that the ALJ misconstrued Dr. Wright's notation of "stable" to mean "symptom free." Yet, it is clear that the ALJ acknowledged Plaintiff's mental impairment in crafting the RFC.

This case is one of tragedy. As the ALJ noted: "Ms. Spangler found her husband after his suicide in October 2014. I cannot imagine her horror then, and I have nothing but respect for her strength since." (Tr. 15). However, the question before the ALJ was not whether Plaintiff was

6

symptom free or 100% recovered. Rather, the ALJ is charged with assessing whether Plaintiff had such significant symptoms that she is precluded from performing **any** work. Based upon the evidence in the record, the ALJ concluded that she does not. The Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

November 4, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge